IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LATASHA NELSON, ANDREW MILLER, and
FONTAIN NELSON,

    Plaintiffs,

v.   Case No. 2:21-cv-00433

WALLER, WAGGY, SAMPSON,
DOE, and NIGEL, South Charleston Police Department,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Plaintiffs' Complaint (ECF No. 2) and Andrew Miller's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1), which were filed on August 2, 2021.

*I.    ALLEGATIONS IN COMPLAINT*

The instant complaint alleges that, on August 15, 2019, Latasha Nelson ("Latasha"), Fontain Nelson ("Fontain"), and Andrew Miller ("Miller") (collectively "Plaintiffs") were in a vehicle that was pulled over by South Charleston Police Department officers in Dunbar, West Virginia, because the vehicle matched the description of a vehicle involved in a shooting earlier that day. (ECF No. 2 at 4). The complaint alleges that officers searched the vehicle without a warrant or consent and detained Plaintiffs for

several hours with no arrest. (*Id.* at 4-5). The complaint further alleges that Miller was subsequently "arrested for a gun that was Latasha's." (*Id.* at 5). The complaint seeks "suspen[sion] of the cops" and monetary damages. (*Id.*)[1]

## II.   DISCUSSION

### A.   *Latasha and Fontain Nelson*

Although Latasha and Fontain Nelson are listed as Plaintiffs in the style of the complaint and their names appear in the signature block, it appears that Miller, who was then incarcerated at the Huttonsville Correctional Center, signed the complaint on their behalf, and that Latasha and Fontain have neither paid the applicable filing fee, nor submitted their own Applications to Proceed Without Prepayment of Fees and Costs.

As a *pro se* litigant, Miller cannot represent Latasha and Fontain or prosecute claims on their behalf. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"). Accordingly, the undersigned proposes that the presiding District Judge dismiss Latasha and Fontain Nelson as Plaintiffs in this civil action without prejudice.

### B.   *Andrew Miller*

At the time he filed this civil action, Miller was a prisoner in the custody of the West Virginia Division of Corrections and Rehabilitation. This civil action is one of eleven civil rights actions filed by Miller in this United States District Court since December of 2019, many of which arise out of the same or related factual circumstances. Miller previously

---

[1] This complaint is like the complaint in *Miller v. Waller*, Case No. 2:19-cv-00907 (S.D.W. Va.) (Copenhaver, S.J.), filed on December 23, 2019. It appears that Plaintiff Latasha Nelson is the same individual referenced in the earlier complaint as "Latasha Carr" and that Fontain Nelson has been added as a new Plaintiff who was not named in the prior complaint.

filed several other unsuccessful civil rights actions in this court, in addition to various habeas corpus petitions.[2]

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D.W. Va. June 30, 2008) (Johnston, J.).

---

[2] Miller has several habeas corpus petitions pending in this court seeking dismissal or reversal of his criminal charges and parole revocation decisions which will be separately addressed. His habeas corpus petitions are not relevant to the "three strikes" analysis herein as they do not count towards the calculation of the "three strikes" rule discussed *infra*. *See Smith v. Angelone*, 111 F.3d 1126, 1131 (4th Cir. 1997) ("we join [our sister circuits] and hold that the *in forma pauperis* filing fee provisions of the PLRA do not apply in habeas corpus actions.").

The undersigned has determined that, while incarcerated, Miller has previously filed at least three actions in federal court which have been dismissed as being frivolous or malicious or for failure to state a claim upon which relief can be granted. Specifically, the following cases count as strikes under 28 U.S.C. § 1915(g): *Miller v. Ballard*, Case No. 2:13-cv-08573, ECF No. 8 (S.D.W. Va. Apr. 7, 2014) (Johnston, J.), which was dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted on April 7, 2014; *Miller v. Ballard*, Case No. 2:13-cv-15024, ECF No. 6 (S.D.W. Va. Sept. 23, 2016) (Johnston, J.), which was dismissed under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted on September 23, 2016; *Miller v. Stuckey*, No. 2:17-cv-04398, ECF No. 8 (S.D.W. Va. Sept. 28, 2018) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted on September 20, 2018; *Miller v. Terry* No. 2:17-cv-04224, ECF No. 5 (S.D.W. Va. Dec. 2, 2020) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted on December 2, 2020; and *Miller v. Terry*, No. 2:17-cv-04217, ECF No. 8 (S.D.W. Va. Jan. 11, 2021) (Johnston, C.J.), which was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted on January 11, 2021.

Moreover, Miller has not asserted and cannot reasonably assert that he is under imminent danger of serious physical injury under the circumstances presented in his complaint. As aptly noted by our sister court:

> Under this exception to § 1915(g), the district court must determine whether the plaintiff's facts show that he was in imminent danger of serious physical harm either when he filed his complaint or at some time thereafter, related to the claims in the case. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (citing *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd

4

> Cir. 2001)). Thus, the "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." *Newkirk v. Kiser*, 812 F. App'x 159, 159 (4th Cir. 2020) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Courts have also held that the "imminent danger" exception to § 1915 (g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate" and related to the alleged official misconduct. *See, e.g., Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050).

*LeGendre v. Woodson*, No. 7:20-cv-00352, 2020 WL 7048295, at *2 (W.D. Va. Dec. 1, 2020).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated, Miller has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted and, thus, he qualifies for application of the three strikes provision contained in 28 U.S.C. § 1915(g). Additionally, the undersigned proposes that the presiding District Judge **FIND** that Miller fails to state any credible facts that reasonably indicate that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule with respect to the claim in his complaint. Therefore, dismissal of this civil action, without prejudice, under 28 U.S.C. § 1915(g) is appropriate.

### III. RECOMMENDATIONS

Pursuant to the proposed findings made herein, and the provisions of 28 U.S.C. § 1915(g), it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Miller's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1) and **DISMISS** this civil action without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the Plaintiffs at the following address: 105 Truman Street, Beckley, WV 25801.[3]

February 28, 2022

Dwane L. Tinsley
United States Magistrate Judge

---

[3] Miller's address is listed as the Huttonsville Correctional Center. He has since been released on parole. Although he failed to advise the court of any changes in his contact information, the undersigned's staff contacted his parole officer and obtained his current address to mail this document to him. Additionally, mail sent to the address provided in the complaint for Latasha and Fontain Nelson was returned as undeliverable (*see* ECF Nos. 4 and 5), and no updated address has been provided for those Plaintiffs either. The Clerk is directed to mail this document to those Plaintiffs at their last known address provided in the complaint.